ALBANY,
January. 1821.

Burr
v.
Waterman.

ing the proposed alterations, the owners could no longer improve or dispose of their lots ; and it would be an act of injustice to them, now, after more than five years have elapsed, to discontinue the proceedings, and deny them all compensation. The proceedings under the act, after being approved by the Court, are to be final and conclusive, and the corporation have no right to interfere and stop them. (6 *Johns. Rep.* 1.)

Motion granted.

---

Burr *against* Waterman and Wells.

On filing writ of error and return, in this Court, the defendant in error instead of issuing a *scire facias quare executionem non,* enters a rule hat the plaintiff n error assign errors in twenty days, or that his default be entered ; and serves a *notice*

IN ERROR, to the Court of Common Pleas, or Mayor's Court, of the City of *New-York.* The writ of error had been returned with the record, certified by the clerk of the Court below, without any rule or notice for that purpose. On filing the writ and record, a rule was entered in the book of rules, kept by the clerk of this Court, that the plaintiff in error assign errors in twenty days, or that his default be entered. Notice of this rule was duly served on the plaintiff in error, or his attorney, that the writ of error has been returned and filed, and a rule has thereupon been entered that the plaintiff assign errors, &c.

the attorney for the plaintiff in error, on the 27th of *Octo-*  ALBANY,
*ber,* and no assignment of errors having been made and January, 1821.
served, a default was entered on the 17th of *November.*

BURR
v
WATERMAN.

*Burr* now moved to set aside the default, for irregularity.
He contended, that as the rules of this Court were silent as
to the mode of proceeding in such cases, the practice of
the Court of *K. B.* in *England,* was to govern. After bail has
been put in, the defendant in error enters a rule that the
plaintiff in error certify or transcribe the record, in eight
days. (2 *Sellon's Pr.* 374. *Richardson's K. B. Pr.* 328.)
A rule for the plaintiff to transcribe the record, is necessa-
ry, as the defendant cannot do it. (1 *Wils.* 35.) After the
record is transcribed and returned, in order to compel an
assignment of errors, the defendant in error must take out
a writ of *scire facias quare executionem non,* and cause it to
be returned *scire feci,* or *nihil* to an *alias scire facias ;* and
on this return, the defendant may enter a rule that the
plaintiff appear and assign errors in four days, or be non-
prossed. (*Richardson's K. B. Pr.* 329. 2 *Sellon's Pr.*
376.) This rule is to bring the plaintiff into Court, as he
has no day given by the writ of error. It is irregular to
rule the plaintiff in error to assign errors, before the expi-
ration of the rule to appear to the *scire facias.* (6 *Term
Rep.* 367.) The only way of proceeding, in order to non-
pross the writ, is by serving a rule on the *scire facias,* and
then a rule to assign errors. (*Burr. Rep.* 1772.)

————, contra.

*Per Curiam.* It has been the uniform practice in this
Court, for a great many years, instead of issuing a *scire fa-
cias quare executionem non,* according to the *English* prac-
tice, to enter a rule, on the return of the writ of error, that
the plaintiff in error assign errors in twenty days, or that
his default be entered. The defendant in error gives *notice*
to the plaintiff in error, that the writ has been returned and
filed, and that thereupon a rule has been entered, that the
plaintiff in error assign errors, &c. This notice must be
served on the plaintiff in error, or his attorney. This we

ALBANY,
January, 1821.

LION
v.
BURTIS.

consider to be the settled and established practice of this Court; and there has, therefore, been no irregularity on the part of the defendant in error.   But as there appears to have been a misunderstanding as to the practice, we shall grant the motion to set aside the default, without costs.

Motion granted accordingly.